UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID CHASTAIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-25-443-R |
| | ) | |
| LIME ROCK RESOURCES OPERATING COMPANY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff David Chastain's Motion to Remand [Doc. No. 6]. Defendant Lime Rock Resources Operating Company, Inc. responded [Doc. No. 7]. Plaintiff did not reply. The matter is now at issue. For the reasons that follow, Plaintiff's Motion is DENIED.

Plaintiff's Motion is premised entirely on the inapplicability of the Class Action Fairness Act. He states that "[t]he amount in controversy must exceed $5,000,000 in class actions for federal courts to have original jurisdiction." Doc. No. 6 at p. 1. But "CAFA…does not displace a party's ability to remove under traditional diversity principles." *Shattuck Pharmacy Mgmt., P.C. v. Prime Therapeutics, LLC*, No. CIV-21-221-F, 2021 WL 2667518, at *2 (W.D. Okla. June 29, 2021) (citations omitted). Under 28 U.S.C. § 1332(a), federal district courts have original subject matter jurisdiction over all civil cases in which the amount in controversy exceeds $75,000 and the parties are of complete diversity. Here, the named plaintiff is completely diverse from Defendant [Doc.

1

No. 1-1 at p. 2] and seeks damages and fees calculated to be in excess of $75,000 [Doc. No. 1 at pp. 1-2]. So the Court has original subject matter jurisdiction over the suit.

Accordingly, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED this 27th day of June, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE